In the Matter of the Application of BOOTH & FLINN COMPANY, INC., Petitioner, for a Certiorari Order against FRANCES PERKINS, Industrial Commissioner of the State of New York, Respondent.

Third Department, June 30, 1933.

*Ainsworth & Sullivan [Charles B. Sullivan of counsel], for the petitioner.*

*John J. Bennett, Jr., Attorney-General [Joseph A. McLaughlin and P. J. Hughes, Assistant Attorneys-General, of counsel], for the respondent.*

PER CURIAM. We are reviewing a determination made by the Industrial Commissioner on July 15, 1932, wherein it is " ordered that Booth & Flinn comply with the provisions of subdivision 3 of Section 220 of the Labor Law and pay the rates of wages above set forth to all persons who have been or may hereafter be employed by them in the respective occupations named above on the public work now being constructed by them in the City of Albany, until this order shall be modified by the Industrial Commissioner." The Commissioner has received from the Legislature authority to make and enforce the above order, after an investigation in which he is " deemed to be acting in a judicial capacity." (Labor Law, § 220, subd. 8.) The Industrial Commissioner may determine, after an investigation begun " on his own initiative," whether the prevailing rate of wages is being paid on public work, " and must, on a verified complaint in writing of any person interested, cause an investigation to be made." (Labor Law, § 220, subd. 7.) It does not appear that a verified complaint was filed herein, thus the investigation must have been begun on the initiative of the Commissioner.

It was improper to exclude from consideration evidence showing the prevailing rate in June, 1932, as the order of July fifteenth fixed the wages to that date and thereafter until its modification. An employee of the Labor Department made a report dated April 7, 1932. No reason appears for limiting the proof to that date,

in view of the future effectiveness of the order. The Commissioner refused to consider a verified petition dated July 26, 1932, asking for a new investigation. The applicant was entitled to a rehearing, and the denial was unjustified. (*United States* v. *Northern Pacific R. Co.*, 288 U. S. 490; 53 Sup. Ct. Rep. 406; *Atchison, Topeka & Santa Fe R. Co.* v. *United States*, 284 U. S. 248.)

The order appealed from should be annulled on the law and facts, and the matter remitted to the Industrial Commissioner for action in accordance with the foregoing opinion.

HILL, P. J., CRAPSER, BLISS and HEFFERNAN, JJ., concur; RHODES, J., dissents and votes to confirm, without prejudice, however, to the right of the petitioner to apply for a hearing as to the prevailing rate of wages after April 7, 1932.

Determination annulled, with fifty dollars costs and disbursements, and matter remitted to proceed in accordance with opinion.