In the Matter of the Application of BOOTH & FLINN COMPANY, INC., Petitioner, for a Certiorari Order against ELMER F. ANDREWS, Industrial Commissioner of the State of New York, Respondent.

Third Department, March 13, 1935.

*Ainsworth & Sullivan* [*Charles B. Sullivan* and *Warner M. Bouck* of counsel], for the petitioner.

*John J. Bennett, Jr., Attorney-General* [*Leon Freedman, Assistant Attorney-General,* of counsel], for the respondent.

PER CURIAM. This proceeding was previously before this court in May, 1933, and is reported *sub nom. Matter of Booth & Flinn Co., Inc.,* v. *Perkins* (238 App. Div. 724). The Industrial Commissioner on July 15, 1932, had made an order and determination fixing the prevailing rate of wages in the city of Albany for carpenters, engineers of various classes and men setting and tying steel for reinforcing concrete and had directed Booth & Flinn, Inc., the contractor, to pay such wages on the public contract which it was then prosecuting in such city. On July 26, 1932, the contractor filed with the Industrial Commissioner a verified petition in writing asking that an investigation be conducted to ascertain the prevailing rate of wages for engineers in such city and that the determination of July 15, 1932, be modified accordingly. The petition alleged that there had been a change by way of reduction in the prevailing rate of wage for engineers since the previous determination. This request was ignored. Upon appeal to this court the determination and order of July 15, 1932, was annulled. We then said that the denial of the application of July 26, 1932, was unjustified.

Upon the remittal a hearing was had at which it appeared that the Industrial Commissioner had made no investigation as requested by the complaint of July 26, 1932, and the hearing Commissioner ruled that the burden was on the contractor to present evidence in support of its petition for a new investigation. No evidence was offered on the new hearing. The minutes show only extended argument between counsel and the hearing Commissioner, marked by tactics of obstruction by petitioner's attorney and an unreasonable refusal by the representatives of the Commissioner to make another investigation. The Commissioner ruled that all previous proceedings had before the annulment of his determination of July 15, 1932, should be again considered. He stated that he was now considering evidence which this court said was improperly excluded from consideration in the making of the previous determination and which he had held in his previous determination to be irrevelant. He then made a new determination identical in substance with his previous determination of July 15, 1932.

Subdivision 7 of section 220 of the Labor Law states that the fiscal officer *must,* on a verified complaint in writing of any person

interested, cause an investigation to be made to determine the prevailing rate of wages. This statutory requirement has been ignored by the Industrial Commissioner. He has given no heed to the contractor's complaint of July 26, 1932, nor to the previous decision of this court that his denial was unjustified. Statutory requirements may not be thus disregarded *ad libitum* by the Commissioner. The statute is intended to afford protection to the laborer and contractor alike. It is as much the duty of the Industrial Commissioner to determine the prevailing rate of wage when the contractor asks it as it is when such request is made by the laborer. The statute provides the machinery for a fair determination but there has been little effort to be fair in this instance.

Determination and order of September 17, 1934, annulled and matter remitted to the Industrial Commissioner to proceed in accordance with this opinion.

HILL, P. J., RHODES, McNAMEE, CRAPSER and BLISS, JJ., concur.

Determination and order annulled, without costs, and matter remitted to the Industrial Commissioner to proceed in accordance with opinion.