In the Matter of the Application of BOOTH & FLINN COMPANY, INC., Relator, for a Certiorari Order against ELMER F. ANDREWS, Industrial Commissioner of the State of New York, Respondent.— This is a certiorari proceeding to review an order and determination of the Industrial Commissioner dated May 22, 1936, requiring the petitioner to pay the prevailing rate of wages to engineers, carpenters and men setting and tieing rods for the reinforcement of concrete, employed on its contract for the erection of the Albany-Rensselaer Bridge. This proceeding has been before this court on three prior occasions (238 App. Div. 724; 244 id. 1, and 247 id. 848). It is conceded that the determination in this case is based solely upon hearsay evidence. The determination is annulled, with fifty dollars costs and disbursements, and the matter remitted to the Industrial Commissioner to make a determination based upon competent evidence. McNamee, Bliss and Heffernan, JJ., concur. Hill, P. J.: The evidence does not sustain the order made by the Industrial Commissioner except as to the men engaged in setting and tieing rods for the reinforcement of concrete at one dollar and thirty cents an hour, operators of hoists at one dollar fifty-seven and one-half cents an hour, and operators of concrete

mixers at one dollar and twenty-five cents an hour. I do not agree with the admission contained in the Attorney-General's brief, that the evidence as to wages is hearsay. It is true that a hearsay schedule was introduced by an investigator but this was substantiated by the testimony of employers of labor testifying from their own payrolls. The payrolls themselves would have been admissible in evidence (Civ. Prac. Act, § 374-a) and a witness is permitted to refresh his recollection from a document which itself is admissible in evidence. (*McCarthy* v. *Meaney*, 183 N. Y. 190.) However, I find nothing that sustains the finding made by the Commissioner as to the rate which should have been paid " Operators of Cranes," " Operators of Shovels," " Operators of Compressors," " Operators of Derricks " and " Carpenters." I vote to modify the order by striking out the findings last mentioned for the reason that there is no evidence to support them, and as so modified to affirm the order without costs. Rhodes, J.: I concur in the result, on the ground that there is no sufficient competent evidence to justify the determination under review. There was evidence as to the rate of pay paid by certain contractors, but there was no evidence that such rate was the prevailing rate.